UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE THURMOND,

                Movant,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

25-CV-5427 (KMW)
20-CR-504-2 (KMW)

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255

---

KIMBA M. WOOD, United States District Judge:

       Movant Tyrone Thurmond, currently incarcerated in USP Canaan, in Waymart, Pennsylvania, brings this *pro se* civil action by a pleading styled as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] Movant challenges his conviction and/or sentence issued by the Court in *United States v. Thurmond*, No. 20-CR-504-2 (KMW).[2] Movant has appealed his conviction and/or sentence, and his direct appeal is pending in the United States Court of Appeals for the Second Circuit. *See United States v. Thurmond*, No. 23-8113 (2d Cir.).

       Because Movant is challenging his conviction and/or sentence, the Court construes the Section 2241 petition as a motion to vacate, set aside, or correct a federal sentence, brought under 28 U.S.C. § 2255. Movant's direct appeal is still pending; his Section 2255 motion is therefore premature. Although the Court may adjudicate the construed Section 2255 motion

---

[1] Movant initiated the present civil action by filing a Section 2241 petition in the United States District Court for the Eastern District of Pennsylvania. By Order dated June 25, 2025, that court, noting that Movant was challenging a conviction and sentence issued by this court, and that the proper vehicle for such a challenge is a motion brought under 28 U.S.C. § 2255, held that it lacked jurisdiction to consider the action and transferred it to this court. *Thurmond v. United States*, No. 25-CV-3149 (E.D. Pa. June 25, 2025).

[2] Movant pleaded guilty to one count of causing another to possess ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On December 6, 2023, this Court sentenced Movant to 120 months' imprisonment, followed by two years of supervised-release. (*United States v. Thurmond*, No. 20-CR-504-2, ECF No. 115.).

while Movant's direct appeal is pending, *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), it is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citations omitted). The Court therefore declines to expend scarce judicial resources to reach a decision that could be rendered a "nullity" by the results of Movant's direct appeal. *Outen*, 286 F.3d at 632.

## CONCLUSION

The Court denies Movant's Section 2241 motion, construed as a Section 2255 motion, without prejudice as premature.[3] Movant may file a Section 2255 motion once his direct appeal has been adjudicated.

Because Movant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and, therefore, Movant may not proceed *in forma pauperis* for such an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is

---

[3] Because the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits second or successive Section 2255 motions, *see* 28 U.S.C. §§ 2244(b), 2255(h), a federal district court must normally notify a litigant of its intent to recharacterize his submission as a Section 2255 motion and offer the litigant an opportunity to withdraw that submission, *see Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). This notification requirement is based on a concern that "[a] prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single [Section 2255 motion] adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under [Section] 2255." *Adams*, 155 F.3d at 584. Here, however, giving notice and granting Movant an opportunity to withdraw is unnecessary because denial of Section 2255 relief without prejudice does not trigger AEDPA's restrictions on second or successive Section 2255 motions. *See Slack v. McDaniel*, 529 U.S. 473, 488-89 (2000); *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003).

respectfully directed to close the pending motion at ECF No. 1 and mail a copy of this Order to Movant.

SO ORDERED.

Dated:   July 7, 2025
         New York, New York

                                                      /s/ Kimba M. Wood
                                                        KIMBA M. WOOD
                                            United States District Judge